UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED TRANSPORTATION UNION,

           Plaintiff,

vs.                                                                    Case No. 3:06-cv-837-J-33TEM

BROTHERHOOD OF LOCOMOTIVE ENGINEERS
AND TRAINMEN and CSX TRANSPORTATION,
INC.,

           Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to cross motions for summary judgment. United Transportation Union filed its Cross-Motion for Summary Judgment (Doc. #24) on February 1, 2007. The Brotherhood of Locomotive Engineers and Trainmen filed its Motion for Summary Judgment (Doc. #27) on February 2, 2007. CSX Transportation filed its Motion for Summary Judgment (Doc. #29) on February 2, 2007. CSX and BLET both filed their Responses to UTU's Cross-Motion (Doc. #36, 37) on February 22, 2007. UTU filed its Response in Opposition to both CSX and BLET's Motions for Summary Judgment (Doc. #38) on February 22, 2007. For the reasons stated below, UTU's motion is denied and CSX and BLET's motions are granted.

**I.     STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary

judgment; only the existence of a genuine issue of material fact will preclude grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples *ex rel.* Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).

**II.     BACKGROUND**

CSX is a corporation that operates a railroad system in the United States and Canada. (Doc. #29 at 3.) As a rail carrier, its labor relations are governed by the Railway Labor Act. (<u>Id.</u>) UTU and BLET are two unions that represent different employee classes; UTU represents trainmen, and BLET represents engineers. (<u>Id.</u>) CSX has collective bargaining agreements with both UTU and BLET. (<u>Id.</u>) These agreements establish rates of pay, work rules, and working conditions for each respective class. (<u>Id.</u>) CSX regularly hires engineers from the ranks of their trainmen employees, and such promoted trainmen are then subject to CSX's agreements with BLET. (<u>Id.</u>) However, the RLA allows engine or train service employees to belong to either UTU or BLET, regardless of whether they are engineers or trainmen. (Doc. #27 at 3.) Both unions represent employees charged with violating CSX policies. (<u>Id.</u>) Thus, when an employee is accused of a rule violation, he may select which union he would like to represent him. (<u>Id.</u>)

In this case, S.J. Tuggle was employed by CSX as a conductor. (<u>Id.</u>) Tuggle was arrested for, and pled guilty to, illegal possession of drugs, and was thereafter charged by CSX with a violation of the rules of CSX's collective bargaining agreement with UTU. (<u>Id.</u> at 2.) Tuggle chose the BLET local chairman to represent him in the on-the-property disciplinary proceedings. (Doc. #29 at 5.) Even though Tuggle selected BLET to represent him in this matter, CSX sent UTU no fewer than eight notices of the investigation hearing. (Doc. #27 at 4-5; Doc. #29 at 5.) While UTU was aware of the investigation, at no time did UTU advise CSX that it had an interest in the disciplinary hearings. (Doc. #29 at 5.) Tuggle was found guilty of violating a CSX rule, and his employment was terminated. (<u>Id.</u>)

Thereafter, BLET submitted the matter to binding arbitration to dispute CSX's discharge of Tuggle. (Doc. #27 at 5-6.) The matter was submitted to Public Law Board No. 6468, which was established to hear disputes as agreed by BLET and CSX. (Id. at 6.) On July 12, 2006, the PLB found that CSX produced sufficient evidence to support its decision that Tuggle was guilty of a rule violation and denied his claim. (Id.) On September 20, 2006, UTU filed its Petition to set aside the award or alternatively, compel re-arbitration. (Doc. #1.)

### III.   ANALYSIS

UTU's sole argument is that the PLB decision should be discarded because it failed to comply with the RLA requirements by not providing notice to UTU of the arbitration proceeding. The RLA requires that "[p]arties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any disputes submitted to them." 45 U.S.C. § 153 First(j). A party is involved, for the purposes of the statute, if the party may be adversely affected by the board's decision. Steward v. Mann, 351 F.3d 1338, 1345 (11th Cir. 2003); Estes v. Union Terminal Co., 89 F.2d 768, 770 (5th Cir. 1937). An employee participating in an arbitration has the right to appear "either personally or through a chosen representative, which may or may not be a labor organization." Estes, 89 F.2d at 770. An employee is not bound to have his union represent him, nor is the union given "exclusive powers over the settlement of grievances claimed for it." Elgin, Joliet & E. Ry. Co. v. Burley, 327 U.S. 661, 666 n.9 (1946).

In this case, Tuggle chose BLET to represent him in the on-site investigation and in the arbitration hearing. UTU was given notice of the on-site investigation, but chose not to participate.

UTU now asserts it should have been given notice of the arbitration hearing because it was an involved party. To support this contention, UTU states that since Tuggle was under UTU's collective bargaining agreement, BLET could possibly "push positions at arbitration which could undermine UTU's gains for its members at the collective bargaining table." (Doc. #25 at 9.) The Supreme Court has recognized that when an alternative union handles a grievance matter it could use the process to undermine the position of a majority bargaining representative. Landers v. Nat'l R.R. Passenger Corp., 485 U.S. 652, 657 (1988). Yet, the Landers holding stated that an employee may not be entitled to be represented by a minority union when the majority union is the exclusive representative in the grievance process per the collective bargaining agreement. See Ryan v. Union Pac. R.R. Co., 286 F. 2d 456, 459 (7th Cir. 2002). UTU's bargaining agreement was not exclusive, and Tuggle was free to be represented by either UTU or BLET in this grievance. Tuggle chose BLET. UTU states that "it could be 'substantially affected' by a PLB holding regarding its collective-bargaining agreement," (Doc. #25 at 10) but has failed to show the Court how Tuggle's arbitration either could have or did adversely affect UTU's collective bargaining agreement. Furthermore, arbitration awards are not binding on subsequent arbitrators. Int'l Bhd. of Elec. Workers, Local Union No. 199 v. United Tel. Co. of Fla., 738 F.2d 1564 (11th Cir. 1984) (holding that labor arbitration decisions are not binding precedent on future arbitrators); see also Butler Armco Indep. Union v. Armco, Inc., 701 F.2d 253, 255 (3d Cir. 1983). For that reason, the outcome of this arbitration could not create future policy applicable to UTU's members. The rule under which Tuggle was disciplined is a uniform rule, equally applicable to all CSX employees. (Doc. #28 ¶ 5.) The standard for determining guilt is the same under both BLET and UTU's collective bargaining agreements with CSX. (Id. at ¶¶ 6-7.) Therefore, even if Tuggle's discipline could be

construed to as to somehow undermine UTU's collective bargaining agreement, which it does not, it would not be binding in future disputes.

UTU has presented no evidence that shows how BLET's representation of Tuggle undermined UTU's collective bargaining agreement. UTU has failed to raise a genuine question as to its status as an interested party. As stated before, engineers and conductors may be covered by either UTU or BLET's collective bargaining agreement with CSX, and an employee is free to chose either union to represent him in a dispute. The RLA only requires that involved parties be given notice of arbitration proceedings. Since UTU has not shown how it was adversely affected by the arbitration proceeding, it is not an "involved party" under the RLA, and it was not entitled to notice of the arbitration hearing.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) CSX Transportation's Motion for Summary Judgment (Doc. #29) is **GRANTED**.

(2) The Brotherhood of Locomotive Engineers and Trainmen's Motion for Summary Judgment (Doc. #27) is **GRANTED**.

(3) United Transportation Union's Cross-Motion for Summary Judgment (Doc. #24) is **DENIED**.

(4) The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>5th</u> day of July, 2007.

                                                   VIRGINIA M. HERNANDEZ COVINGTON
                                                   UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record